**Daniel MARCHAND, Petitioner,**

**v.**

**DIRECTOR, UNITED STATES PROBATION OFFICE, United States District Court for the District of Massachusetts, United States Post Office, Boston, Massachusetts**

**and**

**United States Marshal, United States District Court for the District of Massachusetts, United States Post Office, Boston, Massachusetts, Respondents.**

**Misc. Civ. No. 69-3-J.**

United States District Court
D. Massachusetts.

Feb. 11, 1969.

John C. Cratsley, Cambridge, Mass., for petitioner.

No appearance filed for respondents.

## MEMORANDUM AND ORDER

JULIAN, District Judge.

Petitioner Daniel Marchand filed this petition for a writ of habeas corpus, 28 U.S.C. § 2241, on January 27, 1969. On that same date this Court dismissed the petition, without prejudice, because it appeared on the face of the petition that it had not been verified as required by 28 U.S.C. § 2242.

Marchand has now filed an "Affidavit of Verification" stating that he has read the petition and "believes" the statements made therein to be true. He has also filed a motion to "reinstate" his petition, which this Court treats as a motion to vacate the order of January 27, 1969. Assuming, without deciding, that an affidavit based upon mere "belief" meets the requirements of 28 U.S.C. § 2242, the Court hereby vacates the prior order which dismissed the petition.

The petition alleges that Marchand was arrested pursuant to a "Parole Violators Warrant" for alleged violations of conditions of his parole and that he is being detained by the respondents "to answer charges contained in the aforesaid Parole Violators Warrant." The petition asserts that this detention without bail deprives Marchand of his rights under the Fifth, Eighth and Fourteenth Amendments to the Constitution and under the Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3152. These contentions are without merit.

The Court takes judicial notice that when a person serving a federal sentence is released on parole, he remains "while on parole, in the legal custody and under the control of the Attorney General," and under the supervision of the Board of Parole, until a designated date or until otherwise discharged by law. 18 U.S.C. § 4203. If satisfactory evidence that a parolee has violated any of the conditions under which he was paroled is presented to the Parole Board, the Board may issue a warrant for his apprehension and his return to an institution. 28 C.F.R. § 2.35. The warrant is executed by taking the parolee and

534

returning him to the custody of the Attorney General. 18 U.S.C. § 4206. He is then held in the custody of federal officers until he can be returned to a federal institution for a revocation hearing, unless he requests and is otherwise entitled to a local revocation hearing. 28 C.F.R. § 2.40. During this temporary detention, he is afforded a preliminary interview by a person designated by the Board of Parole, and a summary of the interview is prepared. 28 C.F.R. § 2.40.

■■ This entire parole and parole revocation procedure is an act of grace controlled by Congressional direction rather than by constitutional necessity.[1] Neither the Fifth nor the Eighth Amendment requires that an apprehended parolee awaiting return to a federal institution and a revocation hearing be given a bail hearing. As the Supreme Court stated, in holding that the Eighth Amendment does not require that a person be admitted to bail pending a deportation hearing,

> "The bail clause was lifted with slight changes from the English Bill of Rights Act. In England that clause has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail. When this clause was carried over into our Bill of Rights, nothing was said that indicated any different concept. The Eighth Amendment has not prevented Congress from defining the classes of cases in which bail shall be allowed in this country. Thus in criminal cases bail is not compulsory where the punishment may be death. Indeed, the very language of the Amendment fails to say all arrests must be bailable."

Carlson v. Landon, 1952, 342 U.S. 524, 545–546, 72 S.Ct. 525, 536, 96 L.Ed. 547.

■ There is no allegation here that there has been undue delay in carrying out the prescribed procedure.[2] The Board of Parole is entitled to have a reasonable opportunity to perform its duties.

■■ Nor does the Bail Reform Act of 1966 extend to alleged parole violators. Section 3146 of Title 18, United States Code, plainly relates to persons "charged with an offence" who will, in due course, appear before a "judicial officer." As noted previously, persons subject to parole revocation proceedings do not appear before a "judicial officer." The Act, 18 U.S.C. § 3152, defines a "judicial officer" as "any person or court" authorized by 18 U.S.C. § 3041 or by the Federal Rules of Criminal Procedure to bail or otherwise release a person before trial or sentencing or pending appeal. The Board of Parole clearly does not fall within that definition. The same Section 3152 of Title 18 defines "offence" as a criminal offense which is in violation of an Act of Congress and is triable in a court established by an Act of Congress.

Nor does the petitioner fall within the provisions of 18 U.S.C. § 3148 relating to a person convicted of an offense who is either awaiting sentence or has filed an appeal or a petition for a writ of certiorari.

For these reasons, it appears from the petition that Marchand is not entitled to the writ. 28 U.S.C. § 2243.

It is therefore ordered that the Court's order of January 27, 1969, be vacated, that the petition for a writ of habeas corpus be reinstated, and that the petition be denied.

1. See Rose v. Haskins, 1968, 6 Cir., 388 F.2d 91, 95–96, cert. denied, 1968, 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408; Hyser v. Reed, 1963, 115 U.S.App.D.C. 254, 318 F.2d 225, 238–239, cert. denied sub nomine Thompson v. United States Board of Parole, 1963, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315; cf. United States ex rel. Obler v. Kenton, 1967, D. Conn., 262 F.Supp. 205, 208.

2. Compare United States v. Kenton, supra, note 1 at 209.